IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                             98-cr-10-bbc-01

JEFF VANG,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Jeff Vang's supervised release was held in this case on June 2, 2008, before United States District Judge Barbara B. Crabb. The government appeared by First Assistant United States Attorney Stephen P. Sinnott. Defendant was present in person and by counsel, Glenn C. Reynolds. Also present was Senior United States Probation Officer Michael D. Harper.

      From the record I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on February 26, 1998, following his convictions for bank robbery by force, violence and intimidation with

1

a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a), 2113(d) & 2; and using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. 924(c)1.  The first offense is a Class B felony; the second is a Class C felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 24 months for bank robbery and a second, consecutive term of 60 months for use of a firearm in relation to a crime of violence.  The custody term was to be followed by a five-year term of supervised release.

As special conditions of supervised release, defendant was required to abstain from use of alcohol and illegal drugs, refrain from association with drug users and sellers and participate in a program of substance abuse counseling and drug testing.  On October 17, 2003, I modified the conditions of his release by adding Special Condition No. 4, requiring defendant to submit his person, residence, office or vehicle to a search conducted by a U.S. probation officer whenever the officer had reasonable suspicion that defendant had committed a new crime or had violated a condition of his supervised release.

Defendant began his term of supervised release on February 27, 2004.  He has stipulated that he violated Mandatory Condition No. 1 of his supervised release, prohibiting him from committing another federal, state or local crime; and Special Condition No. 2, requiring him to abstain from the use of alcohol and illegal drugs.  In January 2008, he entered a plea of no contest to operating a motor vehicle while intoxicated (first offense),

2

which was a violation of Village of Cottage Grove Ordinance § 346.63. He committed additional violations of these two conditions in March 2008 when he operated a motor vehicle after revocation, in violation of Wis. Stat. § 343.44(1)(b) and obstructing a police officer in violation of Wis. Stat. § 946.41(1). His blood alcohol content registered .015 on a breath test administered to him at the Dane County jail following his arrest.

Defendant's conduct falls into the category of Grade C violations, as defined by § 7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

On two separate occasions, defendant consumed alcohol in violation of his supervised release conditions requiring him to abstain from alcohol. Not only did he jeopardize his own safety, but he put other members of the community at risk because of his poor decision to operate a motor vehicle after having consumed alcohol. To defendant's credit, on June 2, 2008, he began participating in an outpatient group counseling program to supplement his substance abuse testing and individual counseling. Admirable as these actions are, they are not sufficient to address his violations.

As an alternative to revocation, I am modifying defendant's supervised release

conditions with the addition of a special condition requiring defendant to reside in a federally contracted residential re-entry center with work release privileges for a period of 90 days. Such a placement will hold defendant accountable, protect the community and provide defendant one last opportunity to receive community-based, residential substance abuse treatment.

## ORDER

IT IS ORDERED that defendant Jeff Vang's term of supervised release is modified by the addition of Special Condition No. 5:

> Defendant is to reside in a federally contracted residential re-entry center for a period of 90 days upon the first available vacancy but no later than August 15, 2008. Defendant will be afforded work release privileges after he successfully completes the first 30 days of residency and residential treatment. He will be eligible for social passes according to the rules and regulations of the residential re-entry center. He is to provide for his own medical expenses and is to apply 25 percent of his adjusted gross income for subsistence.

Entered this 15th day of July, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge

4